Curia, per

O’Neall, J.
The provision of the Act of 1744, 3 Stat. at Large, 617, section 1, authorizes the issuing of a writ of attachment, against “any person or persons residing or being without the limits of this State,” whereby the provost marshall then, (the sheriff now,) is directed to “attach the monies, goods, chattels, debts and books of account belonging to the absent debtor, in the hands of any person or persons whatsoeverand when he shall execute the writ to summon the person in whose possession the same may be; but if no person is present at the time of attaching such goods <fec. then a copy of the writ, with an account of the things attached, is to be fixed upon the prison door, and notice given. ,
The Act of ’39, sec. 18, page 29, is only a re-enactment of the provision of the Act of 1744, as to the sheriff’s duty in executing the writ of attachment, and need not therefore be further noticed.
The plain words of the Act of 1744, shew that there is a material difference in the mode of executing the writ when there is a possession in a third person, and when no one is in possession. What is meant by the terms, “attach,” “in the hands of?” Do they mean to seize and take *97 into possession? ordo they mean to seize, so as to make liable in law for the plaintiff’s debt? The latter, I have no doubt, is the true meaning. The Act sufficiently indicates this ; it declares that the attaching of a part in the name of the whole shall make the whole liable in law for the debt of the plaintiff; this is a constructive seizure, and shews that the service of the attachment was the creation of a lien merely.
The Act also directs that the person in possession shall be summoned to shew cause why the monies, goods, chattels, debts and books of account shall not be adjudged to belong to the absent debtor. Why was this provision, if the sheriff was to take possession % So too the provision, that if the garnishee fail to make a return, he shall be liable for the debt, and judgment shall be given against him for it, clearly indicates that he was to be left in possession. The Act contemplates, it is true, a case where the sheriff may make an actual seizure, and yet summon a .person claiming the same ; in that case, and where the person in possession shall deny that the goods, <fcc. are the property of the absent debtor, the Act authorizes an issue to be made up, (if the creditor shall desire it,) to decide to whom they may belong. But there is nothing here which authorizes the conclusion that the garnishee in possession, claiming either property or lien, was to be divested by the sheriff. It alludes to.a case where the sheriff finds the goods beyond the control of the person summoned, or where the person in possession admits the right of the absent debtor, and it is hence his duty to make an actual seizure. Another provision clearly shows that the possession of the garnishee was not to disturbed. It is the 6th sec. — it provides for the case of a creditor having a legal and bona fide possession. In that case he is to be first paid, by filing his declaration and establishing his debt. If his possession could be divested by the sheriff, he would have no such rights. In the case of Crocker and Hitchburn vs. Radcliffe, 3d. Brev. 23, it was held, that service on the garnishee created a lien on the goods; and that an attachment in the hands of the garnishee was only to make the whole liable in his hands to answer the plaintiff’s judg *98 ment. The Bank vs. Levy, 1st McMull. 431, was a case in which the court held that the possession of a broker could not be disturbed by attachment, until his debt was paid. These cases shew that the person in possession and claiming property or lien, cannot be divested of it. Hut it is necessary, in construing our Act, to go back to the custom of London, on which our Act is predicated, and I think it is plain upon that, that the garnishee’s possession cannot be disturbed. Com. Dig. title Attachment C. uses the words of our Act. “ A man may attach money or goods in the hands of the garnishee.” “And jewels.” “So chests and boxes locked, and upon a day after four several defaults the court will give judgment, that they be opened.” This authority plainly contemplates attaching in the possession of a third person, the various things mentioned. But if there be a doubt on the words of Comyn, it will be removed by turning to Oldham vs. Rightson, 12 Mod. 326, in which this is stated by Holt to be the rule, “upon attachment of goods, then the custom is to leave them in the parties hands till the matter be determined,” The case . of Loveridge vs. Whitrow, 12 Mod. 213, is of easy understanding after this statement of the rule. For it explains why the garnishee th.ere was left in possession, and after the dissolution of the attachment he was regarded as a party not'in court, and hence the court would not make an order that he should deliver the property to the defendant in attachment. The Pennsylvania Act, Sergt. on Att‘t. 11, provides for the case of the garnishee in possession, and authorizes the sheriff to divest him of possession unless he will give security. This accounts for Bradshear vs. West and others, 7 Peters, 60S, which would be otherwise in conflict with the cases under the custom of London. In this State the question has been considered settled since 1799, when Schelper vs. Garriscan and Carpioin, 2d. Bay, 224, was decided. In that case it was held that the sheriff had no right to take a ship and cargo out of the possession of the consignee. The same thing, under more questionable circumstances, was recognized in Bethume Sp Co. vs. Gibson and Broadfoot, 2d. Brev. 591. In that case that great lawyer Judge Cheves was concerned, and argued against *99 the creditors in possession, yet he did not question the propriety of their retaining the possession. Their prior right-and the sufficiency of their possession, were the only questions which He argued and contested. In the State vs. Berry, Dudley, 215, 219, our lamented brother Earle stated and enforced with great clearness the rule, that the garnishee in possession was not against his will to be divested of it. After this review, I am perfectly satisfied that the sheriff acted illegally in seizing the property and taking it out of possession of the garnishee who claimed it to be his property. If he had admitted it to be the property of the absent debtors, and his possession was as agent, then I have no doubt he might very properly have seized it. This disposes of the sheriff’s right to seize the goods and chattels alleged to belong to Enoch Byne or Elijah Byne. The slaves alleged to be the property of Harmon Hust, were seized under domestic attachments; to them, Wm. H. Byne also set up claim as a- purchaser, and he had the exclusive possession. I think the attachment Act of ’85, 7 Stat. 213-4, sect. 4 and 6, when construed together means to pursue the very same course as to attaching goods as that pursued under the Act of ’44. The 4th sect, directs the sheriff “to serve and levy” the attachment, “upon the slaves, goods and chattels, of the party absconding, wheresoever the same shall be found, or in the hands of any person or persons,” and to “summon such person or persons to answer on oath what effects of the party,.he or she hath or had.” The 6th sect, directs that the sheriff or his deputies of any district may pursue and seize the goods of the debtor as he passes with them through it. All these provisions plainly contemplate a direct seizure only where the debtor, or some one for him, has the possession; in all other cases the person in possession is to be summoned, and the goods are ■ attached in his hands. So here again when Wm. H. Byne claimed as owner, the sheriff had no right to take the possession from him. The next question is, can the court restore the possession ? There is no doubt the sheriff is the mere officer of the court to execute the law. If he mistakes his duty he may be treated as a trespasser • or the court may undo, what he has done, and order him *100 to restore parties to the condition in which they stood before he acted. Indeed, having decided that his act was illegal, the only safety to him is to order the property to be restored. The case from 2 Bay, 224, 225, Schepler vs. Garniscan & Carpioin, is however an authoritative precedent ; there the ship was, on rule, restored to the consignee, and we are satisfied to follow it. In pursuing this course we simply discountenance an application of the proceedings in attachment to divesting a legal right, that of possession. If it has been fraudulently obtained, or is about to be exercised to the jeopardy of the rights of creditors, we say to them, the Court of Equity is open to you, its forms of proceeding will secure you, and yet save the party in possession from injury. I rejoice to learn that this difficulty in future cases will never occur, the Legislature having wisely adopted a provision similar to the Pennsylvania law, by which the sheriff may hereafter take the property out of possession of any one, unless he will give security. *
The motion on the part of ffm. H. Byne, to reverse the decision below, is granted ; and the sheriff is ordered to restore possession of the property attached to Wm. H. Byne, out of whose possession he took the same.
Richardson, Evans and Frost, JJ. concurred.